In the Matter of the Application for a Compulsory Accounting in the Estate of KATHRYN H. WERNER, Deceased.

Surrogate's Court, Richmond County, October 30, 1947.

*Scherl, Birnbaum & Kun* for Alfred C. Werner, petitioner.

*Leon B. Ginsburg, Jr.,* respondent in person.

BOYLAN, S. This is an application to compel the temporary administrator to judicially file and settle his account herein as the representative of the deceased executrix of the above-named decedent.

When the application is made by an interested party, section 257 of the Surrogate's Court Act must be the authority, if any exists, for an order compelling the temporary administrator of the deceased executrix of the above-named decedent to account. Although the Surrogate, under section 257-a of the Surrogate's Court Act, could compel an accounting of the

temporary administrator on his own motion, this is not such a proceeding, but rather is one instituted by an interested party, in the estate under consideration. Under section 258 of the Surrogate's Court Act the court can compel a temporary administrator to account in the estate in which he is appointed. The section has no application where the temporary administrator of one estate is asked to account as the representative of a deceased representative of another estate. This can only be done under section 257 of the Surrogate's Court Act, the first sentence of which reads as follows: "Where an executor, administrator, guardian or testamentary trustee dies, the surrogate's court has the same jurisdiction, upon the petition of any person who would be required to be cited upon a voluntary judicial settlement of his account to compel the executor or administrator of the decedent to account, which it would have against the decedent if his letters had been revoked, or he had been removed, by a surrogate's decree."

The executor or administrator of a deceased representative does not have authority to continue the duties which rested upon the deceased representative. He is a trustee for those interested, charged with the duty of protecting the physical safety of the property and accounting for the deceased representative. (*Matter of Hogeboom,* 219 App. Div. 131.)

Since section 257 allows a voluntary accounting by the representative of a deceased representative it follows that the court should have the authority to compel such a representative to account, if he doesn't do so voluntarily.

It is significant to note that subdivision 5 of section 314 of the Surrogate's Court Act reads: "The expression 'letters of administration,' includes letters of temporary administration."

Section 257 of the Surrogate's Court Act should be liberally construed and the word "administrator" as used therein means and includes a temporary administrator.

The application is granted. Submit order on notice.